UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ELISA LYNDE, | ) | CIV. 10-5022-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

Pending before the court is a complaint filed by plaintiff Elisa Lynde appealing the denial of her application for disability insurance benefits by the Social Security Administration. (Docket 1). Ms. Lynde moved the court to reverse the Commissioner's determination that she is not disabled and to award benefits immediately. (Docket 14). Defendant opposes the complaint in its entirety as well as the motion to reverse. (Docket 15). The court has jurisdiction over this case pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**FACTUAL AND PROCEDURAL HISTORY**

The court adopts the parties' Joint Statement of Material Facts ("JSMF") (Docket 11) and incorporates it by reference.

## STANDARD OF REVIEW

The Commissioner's findings must be upheld if supported by substantial evidence in the record as a whole.  See 42 U.S.C. § 405(g).  See also Choate v. Barnhart, 457 F.3d 865, 869 (8th Cir. 2006).  The court must review the Commissioner's decision to determine if an error of law was committed.  See Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992).

"Substantial evidence is 'less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.' " Cox v. Barnhart, 471 F.3d 902, 906 (8th Cir. 2006) (quoting McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support the Commissioner's decision.  See Choate, 457 F.3d at 869 (citing Ellis v. Barnhart, 392 F.3d 988, 993 (8th Cir. 2005)). The review of a decision to deny disability benefits is " 'more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; . . . [the court must] also take into account whatever in the record fairly detracts from that decision.' " Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (quoting Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001)).

It is not the role of the court to re-weigh the evidence and, even if this court would have decided the case differently, it cannot reverse the

Commissioner's decision if that decision is supported by good reason and is based on substantial evidence.  See Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  A reviewing court may not reverse the Commissioner's decision " 'merely because substantial evidence would have supported an opposite decision.' "  Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005) (quoting Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)).  Issues of law are reviewed *de novo* with deference given to the Commissioner's construction of the Social Security Act.  See Smith, 982 F.2d at 311.

## DISCUSSION

Ms. Lynde asserts that the administrative law judge (ALJ) erred when making a determination she was not disabled.  Specifically, Ms. Lynde alleges the ALJ erred when finding her complaints of pain were not credible.  Ms. Lynde also asserts the ALJ erred when he rejected the opinions of her treating physicians.

**1.    Did the ALJ properly assess Ms. Lynde's credibility?**

Ms. Lynde's first allegation is the ALJ erred when finding her complaints of pain were not credible.  "In evaluating a claimant's subjective reports of pain, the ALJ should make a credibility determination taking into account: 1) the claimant's daily activities; 2) the duration, frequency, and intensity of the pain; 3) the dosage, effectiveness, and side effects of medication; 4) precipitating and aggravating factors; and 5) functional

restrictions." Choate, 457 F.3d at 871 (citing Wheeler v. Apfel, 224 F.3d 891, 895 (8th Cir. 2000)). The court is to "defer to an ALJ's credibility finding as long as the 'ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so.'" Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (quoting Hogan v. Apfel, 239 F.3d 958, 962 (8th Cir. 2001)).

After reviewing the factors to be considered, the ALJ noted Ms. Lynde alleged she had gained weight due to her disability as she was no longer able to live the active lifestyle she had prior to the onset of symptoms. (AR 26). The ALJ then pointed out between October of 2001 and February of 2003 Ms. Lynde only gained 14 pounds. Id. The ALJ concluded this change in her weight "does not appear to support her claim." Id. The court fails to see how a 14-pound weight gain does not support Ms. Lynde's assertion she has been unable to be active and therefore has gained weight.[1]

The ALJ also concluded Ms. Lynde's activities of daily living did not support her complaints of disabling pain. Id. The ALJ found that Ms. Lynde was able to "attend[] to her personal needs and hygiene, go[] shopping, prepare[] meals, perform[] sedentary household chores including making the bed, dusting, dishes, and laundry, and visit[] with friends." Id.

---

[1]Moreover, the records from Ms. Lynde's examination in March of 2003 indicate she gained an additional 15 pounds after her appointment the previous month. See AR 379, 381. Proper consideration of the total change in Ms. Lynde's weight would undoubtedly affect the ALJ's conclusion about her credibility.

The United States Court of Appeals for the Eighth Circuit has long held that "a claimant need not prove she is bedridden or completely helpless to be found disabled." Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir. 1989). In Brosnahan v. Barnhart, 336 F.3d 671 (8th Cir. 2003), the Eighth Circuit held that an ALJ improperly determined a claimant suffering from fibromyalgia was less than credible when he based his determination on the claimant's activities of daily living and degree of treatment. In so holding, the Eighth Circuit stated "we have held, in the context of a fibromyalgia case, that the ability to engage in activities such as cooking, cleaning, and hobbies, does not constitute substantial evidence of the ability to engage in substantial gainful activity." Brosnahan, 336 F.3d 671, 677 (8th Cir. 2003) (citing Kelley v. Callahan, 133 F.3d 583, 588-89 (8th Cir. 1998)). As a result, the court finds Ms. Lynde's ability to engage in "sedentary household chores" is not inconsistent with the fluctuation of symptoms often seen in fibromyalgia. See Brosnahan, 336 F.3d at 677; AR 26.

The ALJ further asserted Ms. Lynde was not credible because she was able to sit through the 36-minute hearing without obvious discomfort despite her testimony that she cannot sit for more than 15 minutes at a time. (AR 26). The Eighth Circuit has held, however, that "[a]lthough the demeanor of a claimant may be noticed by an ALJ, the ALJ cannot reject a claimant's credibility on account of failure to 'sit and squirm' during a

hearing." Miller v. Sullivan, 953 F.2d 417, 422 (8th Cir. 1992) (citing

Reinhart v. Secretary of HHS, 733 F.2d 571, 573 (8th Cir. 1984)).

Finally, the ALJ concluded Ms. Lynde had not sought treatment which

comports with disabling pain. (AR 26). Rather, the ALJ characterized the

treatment Ms. Lynde received as "essentially routine and/or conservative in

nature." Id. An examination of the record and pertinent Eighth Circuit law

undermines this conclusion.

Ms. Lynde was diagnosed with, and began treatment for, fibromyalgia

on June 28, 2000. (AR 253-55). At that time, she was placed on anti-

inflammatory and pain medications. (AR 255). She was examined by her

treating physician, Dr. Mondell, almost monthly between June of 2001 and

July of 2002. See Docket 11, pp 7-11. Dr. Mondell saw her in November of

2002 and again in January of 2003. Id., p. 13. Thereafter, Ms. Lynde was

treated by Dr. Weaver. Id. Both Dr. Mondell and Dr. Weaver prescribed a

number of anti-inflammatory medications and pain medications, including

OxyContin, Tylenol with Codeine, and Lidoderm patches, as well as

antidepressants. (AR 221-62). Additionally, Ms. Lynde received trigger-

point injections on June 25, 2001, July 23, 2001, October 10, 2001,

January 31, 2002, March 14, 2002, April 23, 2002, June 11, 2002, and

July 30, 2002 . (AR 221-62). Ms. Lynde also participated in a pain

management program wherein she received counseling and physical

therapy.  (AR 505-17).  The record does not indicate there were any other

courses of treatment offered, or available, to Ms. Lynde.  The court fails to

see how Ms. Lynde was viewed as less than credible because of her course

of treatment.  See also Brosnahan, 336 F.3d at 672, n. 1 (noting the

American College of Rheumatology indicates that treatment for fibromyalgia

"include[s] cold and heat application, massage, exercise, trigger-point

injections, proper rest and diet, and medications such as muscle relaxants,

antidepressants, and anti-inflammatories.").  As a result, the court finds the

ALJ's credibility determination is not supported by the record or the law of

this circuit.

**2.     Did the ALJ properly reject the opinions of the treating physicians?**

Ms. Lynde also moves for reversal of the Commissioner's

determination alleging the ALJ improperly rejected the opinions of her

treating physicians, Dr. Weaver and Dr. Mondell.  The Eighth Circuit has

held "[a] treating physician's medical opinion is given controlling weight if

that opinion is 'well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with the other

substantial evidence in [the] case record.' " Choate, 457 F.3d at 869

(quoting 20 CFR § 404.1527(d)(2)).  "A treating physician's opinions must be

considered along with the evidence as a whole, and when a treating

physician's opinions are inconsistent or contrary to the medical evidence as

a whole, they are entitled to less weight." Krogmeier v. Barnhart, 294 F.3d

1019, 1023 (8th Cir. 2002) (citations omitted).

### A.   Dr. Weaver

Ms. Lynde contests the ALJ's rejection of the opinion of Dr. Weaver.

The ALJ rejected Dr. Weaver's opinion because it was given in 2006 and

"provide[s] no support that the claimant had been functioning at this degree

on or before September 30, 2003." (AR 28). However, in Dr. Weaver's

responses to the "Fibromyalgia Residual Functional Capacity

Questionnaire," Dr. Weaver refers to her treatment notes, xrays, and lab

results generated through the course of her treatment of Ms. Lynde in

support of her opinion. (AR 560). The opinion offered in November of 2006

is virtually identical to the opinion Dr. Weaver offered in February of 2003.

(AR 259-60). In her opinion dated February 13, 2003, Dr. Weaver states

Ms. Lynde is able to sit 30 minutes at a time, stand 5-10 minutes at a time,

walk 15 minutes at a time, but cannot lift more than 10 pounds. (AR 259).

Dr. Weaver identified 18 out of 18 trigger points present in Ms. Lynde's case

and opined this would be "a chronic problem." Id. Dr. Weaver's opinion in

November 2006 was that Ms. Lynde can sit for 30 minutes at one time,

stand for 15 minutes at one time, and should not lift more than 10 pounds.

(AR 562-63). The court finds Dr. Weaver's opinion is supported by the

record and the rejection of her opinion merely because she completed a form in 2006 was improper.

### B.     Dr. Mondell

The ALJ also discounted the opinion of Dr. Mondell.  The ALJ found Dr. Mondell's opinion that Ms. Lynde "is unable to work at this time and her return to work date is indefinite at this time" was not a medical opinion but one that infringes on the province of the Commissioner.  (AR 28).  The ALJ also discounted Dr. Mondell's opinion because it "provides no quantitative measure of the claimant's functional abilities, but rather it appears he based his statement upon the claimant's subjective complaint . . . ." Id.

The court finds the ALJ improperly discounted the opinion of Dr. Mondell.  The court finds it was proper for Dr. Mondell to offer an opinion as to Ms. Lynde's ability to work.  The Eighth Circuit has held that "medical opinions on how much work a claimant can do are not only allowed, but encouraged." Smallwood v. Chater, 65 F.3d 87, 89 (8th Cir. 1995) (citing 20 C.F.R. § 404.1513(b)).  Dr. Mondell did not opine Ms. Lynde was disabled, which is a determination that must be made by the Commissioner.  Rather, Dr. Mondell stated his opinion as to Ms. Lynde's ability to work.  As a result, the opinion should not have been rejected on the basis it was a legal conclusion.

The ALJ also rejected Dr. Mondell's opinion because it appeared to be based on Ms. Lynde's subjective complaints, which the ALJ found to be not credible.  (AR 28).  "Fibromyalgia is an elusive diagnosis; '[i]ts cause or causes are unknown, there's no cure, and of greatest importance to disability law, its symptoms are entirely subjective." Tilley v. Astrue, 580 F.3d 675, 681 (8th Cir. 2009) (quoting Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996)).  As a result, it is inevitable a physician would have to rely on the subjective statements of a patient when making a fibromyalgia diagnosis.  Having previously concluded the ALJ erred in finding Ms. Lynde's complaints of pain less than credible, the court finds the ALJ's rejection of Dr. Mondell's opinion on this basis also was improper.

## CONCLUSION

Having thoroughly reviewed the record, the court finds the ALJ erred in assessing Ms. Lynde's credibility and the weight to be afforded the opinions of her treating physicians.  The court concludes the determination Ms. Lynde was not disabled is not supported by substantial evidence.  While Ms. Lynde seeks an immediate award of benefits, the court finds the matter should be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.  Accordingly, it is hereby

ORDERED that plaintiff's motions to reverse the decision of the Commissioner (Dockets 1 & 14) are granted in part and denied in part.

IT IS FURTHER ORDERED that the motion for an immediate award of benefits (Docket 14) is denied.

IT IS FURTHER ORDERED that, pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded to the Commissioner for rehearing consistent with the decision set out above.

Dated March 4, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE