UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ELISA LYNDE, | ) | CIV. 10-5022-JLV |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION |
| | ) | FOR EAJA FEES |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On March 4, 2012, the court entered an order reversing the determination of the Commissioner that Ms. Lynde was not disabled and remanded the matter for rehearing. (Docket 20). Ms. Lynde then moved for an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA). (Docket 22). Counsel initially sought fees in the amount of $2,555.00 and costs in the amount of $366.50 for a total award of $2,921.50. The Commissioner opposed the request, contending that the motion was premature as the court's order had not become final. Additionally, the Commissioner opposed the request for fees, arguing that the government's position was substantially justified. (Docket 27). Ms. Lynde then filed a supplemental motion for attorney's fees amending the total award to $2,922.51 in fees and $541.85 in costs. (Docket 29). The Commissioner did not respond to this supplemental motion.

## DISCUSSION

**A.  Ripeness**

Under the Federal Rules of Appellate Procedure, the Commissioner could file a notice of appeal within 60 days after the entry of the judgment. See Fed. R. App. 4(a)(1)(B).  The Commissioner was correct in stating Ms. Lynde's motion for attorney's fees was premature when it was filed on March 7, 2012, just three days after the court entered judgment in favor of Ms. Lynde.  However, the time for filing a notice of appeal expired on May 3, 2012, and the motion is now ripe for disposition.

**B.  Merits**

Section 2412(d)(1)(A) of Title 28 of the United States Code provides in pertinent part that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  Here, Ms. Lynde is considered a prevailing party and is entitled to an award of fees and expenses.  The Commissioner, however, objects to the award of attorney's fees, arguing that the ALJ's determination, though not supported by substantial evidence, was substantially justified. "A position enjoys substantial justification if it has a clearly reasonable basis in law and fact."  Goad v. Barnhart, 398 F.3d 1021, 1025 (8th Cir. 2005) (citing Brouwers v. Bowen, 823 F.2d 723, 275 (8th Cir. 1987)). Substantial justification is "determined on the basis of the record (including

the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B).

In the Order dated March 4, 2012, the court found the ALJ erred in assessing Ms. Lynde's complaints of pain as not credible.  The court also concluded the ALJ erred in rejecting the opinions of Ms. Lynde's two treating physicians.  The ALJ is to assign controlling weight to the opinions of treating physicians if those opinions are not inconsistent with the medical evidence.  The ALJ incorrectly found the opinions were not supported by the record when, in fact, the opinions were consistent with each other and with the medical evidence as a whole.  The court concludes neither the ALJ's determination nor the Commissioner's subsequent position in this matter had "a clearly reasonable basis in law and fact."  See Goad, 398 F.3d at 1025.  As a result, the court finds the requested award of fees and costs is appropriate.  Accordingly, it is hereby

ORDERED that the motions for an award of fees in the amount of $2,922.51 and costs in the amount $541.85 (Dockets 22 and 29) are granted.

Dated June 13, 2012.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                UNITED STATES DISTRICT JUDGE